IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SEYMOUR KATZ and DOROTHY KATZ, | : | |
| Plaintiffs, | : | Civil No. 16-5188 (RBK) |
| v. | : | **OPINION** |
| WILLIAM ROONEY, JR. and PLANTATION BAY RESORT & CC, LLC et. al. | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter arises out of an automobile accident between Defendant William Rooney, Jr. ("Defendant") and Plaintiffs Seymour Katz ("Mr. Katz") and Dorothy Katz ("Mrs. Katz"), husband and wife ("Plaintiffs"). Pending before the Court are two motions: Defendant's Motion for Summary Judgment as to Counts One and Two of Plaintiffs' Complaint (Doc. No. 47), and Defendant's Motion for Summary Judgment as to Counts Three and Four of Plaintiffs' Complaint (Doc. No. 30). For the reasons set forth in the opinion below, Defendant's Motion for Summary Judgment as to Counts One and Two is **DENIED**, and Defendant's Motion for Summary Judgment as to Counts Three and Four is **GRANTED**.

**I.     BACKGROUND**

On July 31, 2015, Mr. and Mrs. Katz were traveling from their home in Margate, New Jersey when their vehicle was rear-ended by a vehicle driven by Defendant. Pl.'s Br. at 1. The accident occurred at the intersection of Atlantic Avenue and Wyoming Avenue in Ventnor City, New Jersey. *Id.* At the time of the accident, Mr. Katz was operating the vehicle and Mrs. Katz was

1

the passenger. *Id.* As a result of the accident, Plaintiffs allege that they sustained personal injuries. Compl. at 2–3. At the time of the accident, Plaintiffs, Florida residents, were insured by Liberty Mutual Insurance Company. Pl.'s Br. at 10. By virtue of the Deemer statute, Plaintiffs are subject to New Jersey's verbal threshold statute codified at N.J. STAT. ANN. § 39:6A-8a. *See* N.J. STAT. ANN. § 17:28-1.1.

Following the accident, Mrs. Katz drove their vehicle home. Pl.'s Br., Ex. B. Mrs. Katz did not go to the emergency room after the accident or anytime thereafter. *Id.* Mrs. Katz alleged in her answers to Defendant's interrogatories that she sustained "headaches, anxiety, and myalgia," but she has not produced any medical reports to support these allegations. Def.'s MSJ No. 1 at 8. She has not provided the statutorily mandated certification required by N.J. STAT. ANN. § 39:6A-8a. *Id.* Furthermore, she testified at her deposition that she was not injured in the July 31, 2015 accident and that she did not have any permanent injuries. *See* Pl.'s Dep. at 9.

Mr. Katz, on the other hand, was treated following the accident. Pl.'s Br., Ex. D-2. First, he was treated by Dr. Gerald R. Williams of the Rothman Institute in Bryn Mawr, PA on August 11, 2015, approximately two weeks after the accident. *Id.* Dr. Williams reported that Mr. Katz complained of pain in his right shoulder. *Id.* Dr. Williams' assessment was that Mr. Katz suffered from localized primary osteoarthritis of the right shoulder region and pain in the shoulder. *Id.* Additionally, Dr. Williams recommended that if Mr. Katz's pain worsened he should undergo an injection. *Id.* Dr. Williams further suggested that if Mr. Katz reached the point where he "absolutely could not live with his present condition," then Dr. Williams would consider performing a shoulder replacement procedure. *Id.*

Dr. Williams subsequently referred Mr. Katz for physical therapy at Rasansky Physical Therapy ("Rasansky") in Bala Cynwyd, PA. Pl.'s Br. at 3. A therapist at Rasansky performed an

initial evaluation on August 17, 2016. He concluded that Mr. Katz suffered from shoulder osteoarthritis. *Id.* at Ex. D-3. Mr. Katz visited Rasansky fourteen times over a two-month period. He was discharged from physical therapy on October 21, 2015. *Id.*

Dr. Pradeep Lothe, an internal medicine specialist in Wynnewood, PA, also treated Mr. Katz. Dr. Lothe treated Mr. Katz on August 3, 2015, September 2, 2015, and September 17, 2015. Pl.'s Br., Ex. D-4. Dr. Lothe noted that Mr. Katz complained of pain in his right shoulder. *Id.* Dr. Lothe concluded that Mr. Katz's pain stemmed from the accident and myalgia. *Id.*

Dr. Lothe referred Mr. Katz to Dr. Steven E. Sachs, a neurological consultant. Pl.'s Br. at 4. Dr. Sachs observed Mr. Katz on August 25, 2015. *Id.* Dr. Sachs noted that as a result of the accident, Mr. Katz injured his right shoulder. *Id.* Dr. Sachs concluded that Mr. Katz had significant structural and mechanical injuries to his right shoulder and shoulder blade area as a result of the accident. *Id.* Dr. Sachs also noted that Mr. Katz had limited range of motion in his right shoulder and showed a degree of discomfort in his right arm. *Id.*

On September 17, 2015, doctors from West Boca Medical Center ordered a Magnetic Resonance Imaging test ("MRI") of Mr. Katz's right upper extremity. Pl.'s Br. at 5. The results showed a full thickness tear of the distal supraspinatus tendon which measured 2.5 by 1.2 centimeters. *Id.* There was atrophy of the supraspinatus muscle. *Id.* The infraspinatus muscle demonstrated diffuse increased signal edema consistent with tendinopathy. *Id.* Partial high-grade articular surface tearing was also noted. *Id.* Mr. Katz's bicep tendon also appeared to be subluxed from the bicipital groove through the partial subscapularis tear. *Id.* Additionally, the MRI revealed that Mr. Katz had full thickness and partial thickness rotator cuff tears. Pl.'s Br., Ex. D-6.

On October 19, 2015 and July 6, 2016, Mr. Katz was evaluated by Dr. Norman B. Stempler. Pl.'s Br. at 5. Dr. Stempler determined that Mr. Katz's medical history was non-contributory. *Id.*

Ex. D-7. Dr. Stempler's examination revealed evidence of subacromial and subdeltoid tenderness with a considerable loss of abduction. *Id.* On July 6, 2016, Dr. Stempler conducted a second MRI of Mr. Katz and reported that "it is likely that he is in need of a shoulder replacement." *Id.*

On November 9, 2016, Dr. Stempler issued a certification pursuant to N.J. STAT. ANN. § 39:6A-8a and maintained that as a result of the accident on July 31, 2015, Mr. Katz sustained significant injuries to his right shoulder and neck, including a right sided cervical sprain and strain. Pl.'s Br. at 5. Dr. Stempler also determined that Mr. Katz had aggravated degenerative cervical disk disease, peritendinitis and bursitis with impingement, and adhesive capsulitis and frozen shoulder. *Id.* In addition, Mr. Katz had internal derangement with aggravated advances, degenerative joint disease, and osteoarthritic changes of the right shoulder. *Id.* at Ex. E. Dr. Stempler stated that the injuries to Mr. Katz's neck and right shoulder were permanent. They had not healed to function normally and would not heal to function normally without further medical treatment. *Id.*

On August 24, 2016, Mr. and Mrs. Katz brought a four-count Complaint (Doc. No. 1) against Defendant. Mr. Katz alleged permanent injuries as a result of the accident (Count One) and loss of consortium and companionship of his wife, Mrs. Katz, due to her permanent injuries as a result of the accident (Count Four). Similarly, Mrs. Katz alleged permanent injuries as a result of the accident (Count Three) and loss of consortium and companionship of her husband, Mr. Katz, due to his permanent injuries as a result of the accident (Count Two). Defendant moved for summary judgment (Doc. No. 47) on September 6, 2017 as to Counts One and Two, and moved for summary judgment (Doc. No. 30) on April 3, 2017 as to Counts Three and Four.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

The underlying dispute arises from a motor vehicle accident in New Jersey. As such, all parties agree that Plaintiffs' claims are subject to the limitation on lawsuit, or "verbal threshold," in the Automobile Insurance Cost Reduction Act ("AICRA"). Defendant makes two arguments in support of his Motion for Summary Judgment as to Counts One and Two: (1) Mr. Katz cannot seek noneconomic losses because he has no evidence of a permanent injury, and (2) since Mr. Katz has no evidence of a permanent injury, Mrs. Katz has no loss of consortium claim.

Similarly, Defendant makes two arguments in support of his Motion for Summary Judgment as to Counts Three and Four: (1) Mrs. Katz cannot seek noneconomic losses because she has no evidence of a permanent injury, and (2) since Mrs. Katz has no evidence of a permanent injury, Mr. Katz has no loss of consortium claim. The Court turns to each of these arguments.

### A. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS ONE AND TWO OF PLAINTIFFS' COMPLAINT IS DENIED.

1. <u>A Genuine Issue of Material Fact Exists as to Whether Mr. Katz Suffered a Permanent Injury That Satisfies the Statutory Threshold.</u>

Under AICRA, a party subject to the limitation on lawsuit option is prohibited from suing for noneconomic damages unless the party sustained an injury resulting in: (1) death; (2) dismemberment; (3) significant disfigurement or significant scarring; (4) displaced fractures; (5) loss of a fetus; or (6) a permanent injury "within a reasonable degree of medical probability." N.J. STAT. ANN. § 39:6A-8(a). The purpose of the limitation is to prevent suits based on injures that are not serious or permanent. *Libby v. Conner*, No. 06-2903, 2007 WL 3232585, at 4* (D.N.J. October 31, 2001) (citing N.J.S.A 39:6A-1.1(b); *Serrano v. Serrano*, 183 N.J. 508, 516 (2005)).

An injury is permanent when "the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J. STAT. ANN.

6

§ 39:6A-8(a). To satisfy the injury requirement, a plaintiff must provide the defendant with a certification from a physician stating that the plaintiff has sustained a listed injury. *Id.*; *Davidson v. Slater*, 914 A.2d 282, 291 (N.J. 2007). The certification must be "based on and refer to objective clinical evidence, which may include medical testing." § 39:6A-8(a). The objective clinical evidence must be derived from accepted diagnostic tests and cannot be "dependent entirely upon subjective patient response." *Davidson*, 914 A.2d at 291 (quoting § 39:6A-8(a)). Accepted diagnostic tests are listed in the New Jersey Administrative Code. *See* N.J. STAT. ANN. § 39:6A-4.7; N.J. Admin. Code § 11:3-4.5. If a certification does not rely on objective medical evidence, a reviewing court may grant summary judgment for the defendant. *Libby*, 2007 WL 3232585, at *5.

Defendant argues that Mr. Katz has not shown sufficient evidence of a requisite permanent injury related to this accident. Moreover, Defendant argues that the causal relationship of Mr. Katz's injuries to the subject accident has not been firmly established through objective, credible medical evidence. Mr. Katz counters that he has produced objective, credible medical evidence as to the existence of a permanent injury and credible evidence that the injury seriously impacted his life.

As evidence that he sustained a permanent injury related to the accident, Mr. Katz submits a report from Dr. Steven E. Sachs. Dr. Sachs reported that as a result of the accident, Mr. Katz injured his right shoulder, and that he had significant structural and mechanical injuries to his right shoulder and shoulder blade area. Moreover, Mr. Katz submits a report from Dr. Stempler, who evaluated his shoulder symptoms and noted that Mr. Katz is likely in need of a shoulder replacement. Dr. Stempler also noted that Mr. Katz's medical history was non-contributory. Finally, Mr. Katz submitted a certification by Dr. Stempler, wherein Dr. Stempler avers that, as a result of the accident on July 31, 2015, Mr. Katz sustained significant injuries to his right shoulder

and neck. Dr. Stempler further reported that the injuries to Mr. Katz's neck and right shoulder were permanent since they had not healed to function normally and would not heal to function normally without further medical treatment.

Examining the record, including the reports from Mr. Katz's doctors and the certification from Dr. Stempler pursuant to N.J. STAT. ANN. § 39:6A-8a, the Court finds that a genuine issue of material fact exists as to whether Mr. Katz suffered a permanent injury involving his right shoulder as a result of the accident. Therefore, the Court denies Defendant's Motion for Summary Judgment as to Count One of Plaintiffs' Complaint.

> 2. <u>Defendant's Motion for Summary Judgment as to Mrs. Katz's Loss of Consortium Claim is Denied Because There is a Genuine Issue as to Whether Mr. Katz Sustained a Permanent Injury.</u>

In *Rex v. Hunter*, 26 N.J 489 (1958), the New Jersey Supreme Court recognized that an "action by a husband for consequential damages as a result of injury to wife is only maintainable by reason of wife's personal injury, and depends upon and is incidental to her action." *Id.* A loss of consortium claim is derivative. Thus, there cannot be one without the other.

Because there is a genuine issue of material fact as to whether Mr. Katz suffered a permanent injury to his right shoulder as a result of the accident, there is a genuine issue of material fact regarding Mrs. Katz's loss of consortium claim. Therefore, the Court denies Defendant's Motion for Summary Judgment as to Count Two of Plaintiffs' Complaint.

**B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS THREE AND FOUR OF PLAINTIFFS' COMPLAINT IS GRANTED.**

> 1. <u>There is no Genuine Issue of Material Fact as to Whether Mrs. Katz Suffered a Permanent Injury That Satisfies the Statutory Threshold.</u>

There is no factual dispute about whether Mrs. Katz sustained permanent injuries as a result of the accident that occurred on July 31, 2015. Although Mrs. Katz alleged in her answers to

Defendant's interrogatories that she sustained "headaches, anxiety, and myalgia," she has not provided any medical reports to support her allegations that she sustained permanent injuries as a result of the accident. Mrs. Katz also failed to provide the statutorily mandated certification from a licensed physician stating that she sustained a permanent injury as a result of the accident. Further, she has not provided a single medical report that shows she sustained any injuries from the accident. Finally, she testified during her deposition that she was not injured in the accident and that she did not sustain any permanent injuries.

Defendant's Motion for Summary Judgment as to Count Three of Plaintiffs' Complaint is granted because Mrs. Katz has failed to comply with N.J. STAT. ANN. § 39:6A-8a, which requires a showing of a permanent injury "within a reasonable degree of medical probability." § 39:6A-8a. Thus, Count Three of Plaintiffs' Complaint is dismissed.

2. Mr. Katz Cannot Sustain his Loss of Consortium Claim Because Mrs. Katz Cannot Sustain her Claim for Injuries.

The Court finds that because Mrs. Katz's allegations of permanent injury must be dismissed, Mr. Katz's loss of consortium claim must be dismissed as well. Mr. Katz's loss of consortium claim is derivative, rendering it moot without a relevant statutorily-required permanent injury to Mrs. Katz.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment as to Counts One and Two is **DENIED**, and Defendant's Motion for Summary Judgment as to Counts Three and Four is **GRANTED**. An accompanying Order shall be entered.


Dated: __11/27/2017__                    _s/ Robert B. Kugler__
                                         ROBERT B. KUGLER
                                         United States District Judge